IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05cr233-WHA |
| | ) | |
| ROBERT FLOYD BROWN, JR. | ) | |

<u>PRELIMINARY ORDER OF FORFEITURE</u>

WHEREAS, in the forfeiture allegation of the superseding indictment and amended bill of particulars for forfeiture of property in the above case, the United States sought forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea to Count 1 through 6 of the superseding indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 2253, the Defendant shall forfeit to the United States:

    (a) any visual depiction described in Counts 1, 2, 3, 4, 5 and 6 of the superseding indictment and any book, magazine, periodical, film, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped and received in violations of Chapter 110 of Title 18, United States Code;

    (b) any property, real and personal, constituting and traceable to gross profits and other proceeds obtained from such offense; and,

Case 1:05-cr-00233-WHA-CSC   Document 54   Filed 03/28/2007   Page 2 of 5

(c) any property, real or personal, used and intended to be used to commit and to promote the commission of such offense.

2. The Court has determined that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253; that the defendant had an interest in such property; and, that the United States has established the requisite nexus between such property and such offense:

- (a) One pair of Pentax Digital Binoculars, serial number 718957;
- (b) Sony Handycam Vision Hi8 camcorder, serial number 1343233;
- (c) E-machine CPU, serial number GA4441000316 (incorrectly identified in the Bill of Particulars for Forfeiture of Property filed February 22, 2006 as bearing serial number QIV3910202134);
- (d) One Scientific Atlanta DPX2100 series cable modem, serial number 101671471;
- (e) One E-machine flat monitor, serial number MG0447GB03066;
- (f) One Mouse, serial number SAGM002;
- (g) Two E-machine speakers, serial number 129062170433;
- (h) One E-machine keyboard, serial number REV.A;
- (i) One LabTech webcam, serial number LZA33865768;
- (j) One HP Scanjet 3500c, serial number CN29UT90HS;
- (k) One Digital Apparatus BS, serial number 07023470000434;
- (l) One Motorola surfboard modem, serial number 12810342022427220404000.

2

Case 1:05-cr-00233-WHA-CSC   Document 54   Filed 03/28/2007   Page 3 of 5

3. Upon the entry of this Preliminary Order, the United States Attorney General is authorized to seize the listed property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Preliminary Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Preliminary Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Preliminary Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward two certified copies of this Preliminary Order to the United States Attorney's Office for the Middle District of Alabama.

SO ORDERED this the 28th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE